```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

WASHINGTON INTERNATIONAL       )
INSURANCE COMPANY,             )
                               )
          Plaintiff,           )
                               )
     v.                        )   Case No. 2:06 CV 320
                               )
BUCKO CONSTRUCTION COMPANY     )
INC., et. al.,                 )
                               )
          Defendants.          )
```

Opinion and Order

This matter is before the court on the motion for summary judgment filed by the plaintiff, Washington International Insurance Company, on May 31, 1007. For the reasons set forth below, this motion is **GRANTED**.

Background

The defendant, Bucko Construction, was engaged under a series of construction contracts with various state entities, including the City of Hammond school district, the City of Gary, the Porter County Airport, and the Indiana Department of Transportation. A condition of these contracts required Bucko to guarantee its performance under the contracts through a performance bond. This bond was provided by the surety,

1

Washington International Insurance Company. Under the General Indemnity Agreement entered into between Bucko and Washington, Bucko agreed to indemnify Washington against all liability resulting from the execution of the bonds in connection with claims, suits, or judgments. Washington also was provided with the authority to "direct and determine" whether any claim against the bonds would be "paid, compromised, resisted, defended, tried or appealed." Under the terms of the agreement, Washington's decision under this paragraph, if made in good faith, was binding on Bucko. Finally, the agreement provides that an itemized statement of costs incurred under the agreement, sworn to by a Washington officer, constitutes prima facie evidence of Bucko's liability.

Washington and Bucko executed the indemnity agreements in February 2004 and, by September, 2006, claims had been made against the bonds in excess of $600,000. The claims included the settlement of a suit with Maxus Leasing in the amount of $191,632.66, to which Washington also claims entitlement to reimbursement of $42,028.50 in fees and expenses.

In its complaint, Washington alleges that Bucko's failure to indemnify them under the terms of the contract constitutes breach and it seeks *quia timet* and specific performance remedies. Washington further sought a preliminary injunction, seeking to secure Bucko assets necessary to satisfy Washington's claims. At

a hearing on the preliminary injunction, the parties indicated that they had reached agreement on settlement terms in this matter. However, the parties were unable to finalize this settlement, prompting Washington's motion for summary judgment. Bucko did not file a response to this motion.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); **Williams v. Excel Foundry & Machine, Inc.**, 489 F.3d 309, 310 (7th Cir. 2007); **Treadwell v. Office of the Illinois Secretary of State**, 455 F.3d 778, 781 (7th Cir. 2006); **Branham v. Snow**, 392 F.3d 896, 901 (7th Cir. 2004). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); **Lawrence** v. Kenosha County, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. **Anderson v. Liberty Lobby,**

3

*Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202, 212 (1986); *Ballance v. City of Springfield, Illinois Police Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." *Roger v. Yellow Freight Systems, Inc*., 21 F.3d 146, 148 (7th Cir. 1994). See also *Miller v. Borden, Inc*., 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold
> inquiry of determining whether there is the
> need for a trial--whether, in other words,
> there are any genuine factual issues that

4

> properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986)

*See also* ***Scott v. Harris,*** – U.S. –, 127 S.Ct. 1769, 1776, 167 L.Ed2d. 686 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); ***Celotex Corp.***, 477 U.S. at 322-323, 106 S. Ct. at 2553; ***Branham***, 392 F.3d at 901; ***Lawrence***, 391 F.3d at 841; ***Hottenroth***, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); ***Schuster v. Lucent Technologies, Inc.***, 327 F.3d 569, 573 (7th Cir. 2003).

When a party has offered no response to a motion for summary judgment, the court will treat the moving party's factual assertions as uncontested. L.R. 56.1(b); ***Smith v. Lamz***, 321 F.3d 680, 683 (7th Cir. 2003). However, entry of summary judgment is not automatic and may be granted only when the undisputed facts

5

lead to judgment as a matter of law. Rule 56(c); ***Burdick v. Koerner***, 179 F.R.D. 573, 575 (E.D. Wis. 1998).

There is no apparent dispute over the execution or terms of the indemnity agreements. *See **Henthorne v. Legacy Healthcare, Inc**.*, 764 N.E.2d 751, 756 (Ind. App. 2002)("If the words of an indemnity agreement are clear and unambiguous, they are to be given their plain and ordinary meaning.")  There is no apparent dispute over the facts giving rise to claims against Bucko and Washington's payments in response to these claims. *See* Defendant's Answer, ¶¶ 4, 9, 10, 12, 13, 15. Further, the record includes Washington's prima facie evidence of these costs. There is no material fact disputed in this matter. Accordingly, Washington's motion for summary judgment is **GRANTED**.

_____

For the foregoing reasons, the motion for summary judgment filed by the plaintiff, Washington International Insurance Company, on May 31, 1007 is **GRANTED**.

ENTERED This 17th Day of August, 2007

/s/ Andrew P. Rodovich
United States Magistrate Judge

6